UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARCUS T. BARTOLE,<br><br>     Petitioner,<br><br>          v.<br><br>SHERIFF,<br><br>     Respondent. | CAUSE NO. 2:25-CV-46-JD-AZ |

OPINION AND ORDER

Marcus T. Bartole, a prisoner without a lawyer, initiated this case by filing a habeas petition pursuant to 28 U.S.C. § 2241. He asserts that he is entitled to his immediate release from the Tippecanoe County Jail due to the unconstitutional conditions of his pretrial confinement, including the retaliatory confiscation of a tablet device. According to Bartole, he can access legal research and telephone calls only through his tablet device. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

> For most purposes, the line between the domain of collateral review and that of § 1983 is simple. State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions— when the decision may be challenged at all, which . . . will be uncommon.

*Moran v. Sondalle*, 218 F.3d 647, 650–51 (7th Cir. 2000).  Bartole's allegations are clearly a challenge to the decision to confiscate his tablet device rather than a challenge to whether the Sheriff has the constitutional authority to hold him in custody in connection with his pending criminal charges. These allegations should thus be presented as Section 1983 claims rather than as grounds for habeas relief. As a result, the petition does not state a valid basis for habeas relief.

Notably, Bartole appears to recognize the futility of this habeas petition, and, in the petition, he asks the court to recharacterize the claims as Section 1983 claims and to join these claims to his claims in *Bartole v. Sheriff*, 2:23-cv-407 (N.D. Ind. filed Nov. 17, 2023).

> District courts faced with a § 1983 suit brought under § 2254 should, rather than reach the merits, dismiss without prejudice to the possibility of a future § 1983 action or at least give notice that the suit will be converted to one under § 1983 if the plaintiff declines to dismiss voluntarily. Accordingly, although we uphold the dismissal of [the petitioner's] first claim for relief, we do so with the understanding that [the petitioner[ is free to pursue it under § 1983, subject to all of the normal constraints of the Prison Litigation Reform Act.

*Hadley v. Holmes*, 341 F.3d 661, 665 (7th Cir. 2003).

The court declines to convert this habeas case into a Section 1983 case for two reasons. First, such a conversion would be futile because it would bring this case under the purview of the Prison Litigation Reform Act (PLRA). *See id.* at 651; *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Review of Bartole's litigation history indicates that he has accrued three strikes under the PLRA. *See Bartole v. State of Indiana*, 3:24-cv-633 (N.D. Ind. filed July 29, 2024); *Bartole v. Doe*, 2:23-cv-242 (N.D. Ind. filed July 10, 2023);

2

*Bartole v. Hughes*, 2:22-cv-257 (N.D. Ind. filed Aug. 31, 2022). Therefore, he cannot proceed *in forma pauperis*, except for claims alleging that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing Section 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The allegations regarding the confiscation of a tablet device do not suggest that Bartole is at risk of serious physical injury. As a result, Bartole must pay the full filing fee associated with Section 1983 cases before he can proceed with this lawsuit.

Bartole has demonstrated that he cannot pay such a filing fee. In an affidavit (ECF 3), Bartole attests that he cannot pay the much smaller filing fee associated with habeas cases, so a converted Section 1983 case would necessarily be dismissed for non-payment of the filing fee. Even more significantly, the court would be responsible for assessing and collecting the filing fee associated with Section 1983 cases from Bartole even if the converted Section 1983 action was summarily dismissed. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).

The second reason for declining to convert this habeas case into a Section 1983 case is that Bartole appears to have filed a habeas petition in bad faith. In recent years, Bartole has amassed substantial experience in federal court with habeas cases and Section 1983 cases. *See Bartole v. State of Indiana*, 3:24-cv-633 (N.D. Ind. filed July 29, 2024); *Bartole v. Doe*, 2:23-cv-242 (N.D. Ind. filed July 10, 2023); *Bartole v. Goldsmith*, 2:23-cv-47 (N.D. Ind. filed Nov. 27, 2023); *Bartole v. FBI*, 1:23-cv-2011 (S.D. Ind. filed Nov. 6,

3

2023); *Bartole v. Tippecanoe County*, 2:23-cv-7 (N.D. Ind. filed Jan. 9, 2023); *Bartole v. Sheriff*, 2:22-cv-319 (N.D. Ind. filed Oct. 31, 2022); *Bartole v. Hughes*, 2:22-cv-257 (N.D. Ind. filed Aug. 31, 2022). Just recently, he initiated *Bartole v. United States of America*, 2:25-cv-1 (N.D. Ind. filed Jan. 2, 2025), and, on January 8, 2025, the court informed him for the first time that he had accrued three strikes under the PLRA. This sequence of events suggests that Bartole filed the habeas petition knowing that it presented invalid habeas claims with the purpose of avoiding this constraint. It is otherwise unclear why any litigant, particularly one with Bartole's legal experience, would initiate a habeas case by filing a habeas petition that includes a request to convert it into a Section 1983 case rather than simply initiating a Section 1983 case by filing a civil complaint.

"Filing a frivolous § 1983 action as a petition for a writ of habeas corpus avoids § 1915(b) and (g), but it does not make the action any the less frivolous; to the contrary, it is more frivolous, because it is abusive procedurally as well as substantively." *Moran v. Sondalle,* 218 F.3d 647, 651 (7th Cir. 2000). "Prisoners who play games to avoid the PLRA should not expect courts to cooperate." *Id.* Consequently, the court declines to convert this case into a Section 1983 case but will instead dismiss the case without prejudice to a filing a Section 1983 case reasserting the claims.[1]

Bartole also filed a motion for injunctive relief, seeking the return of his tablet device or his release from the Tippecanoe County Jail. ECF 2. "The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the

---

[1] Though the court need not reach the consolidation issue, Bartole also offers no explanation to support his request to consolidate this case with another currently pending Section 1983 case.

4

ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

As set forth above, this case will no longer be pending upon entry of this order, and Bartole has no likelihood of success on the merits of his clams in this habeas case. The court further observes that Bartole's filings in this case (and in *Bartole v. United States of America*, 2:25-cv-1 (N.D. Ind. filed Jan. 2, 2025)) are replete with generally appropriate citations to legal authority, which substantially undermines the contention that he needs a tablet device to adequately conduct legal research. Additionally, while the inability to make telephone calls could potentially amount to irreparable harm, Bartole does not explain how the inability to make telephone calls specifically harms him. Therefore, the motion for injunctive relief is denied.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

5

*McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Bartole to proceed further.

For these reasons, the court DENIES the habeas corpus petition (ECF 1) pursuant to Habeas Rule 4 because it does not state a valid basis for habeas relief; DENIES the motion for injunctive relief (ECF 2); DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED on January 29, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT